IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ZERAHZHE AUTHENTIC TATE                                                    PLAINTIFF

v.                              Civil No. 5:24-cv-05093-TLB-MEF

OFFICER J. JACKSON;
SPECIAL AGENT DEVITO; and
JOHN OR JANE DOE OFFICERS
OR AGENTS #1 TO #3                                                        DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Zerahzhe Authentic Tate, filed this action pursuant to 42 U.S.C. § 1983.   Plaintiff

proceeds *pro se* and *in forma pauperis*.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and

(3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the

undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. §

1915A(a).   Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental

entity.

## I.      BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis*

("IFP Motion") on April 18, 2024.   (ECF Nos. 1, 4).   The Court granted Plaintiff's IFP Motion

on April 30, 2024.   (ECF No. 5).

In his Complaint, Plaintiff names two Defendants: Detective J. Jackson, Homeland

Security Investigation Task Force Officer; and Special Agent Devito, Homeland Security Task

Force Officer.   (ECF No. 1, pp. 1-3).   Plaintiff also lists three John or Jane Doe Defendants, which

1

he describes as Homeland Security Agents that arrested him. *Id.* at 4. Plaintiff first claims Defendants violated his Fourth Amendment rights by arresting him and searching his vehicle without warrants on August 11, 2023. *Id.* at 4-5. Plaintiff goes on to allege the Defendants seized property from his vehicle during this search. Plaintiff was then taken to the "Homeland Security Investigation Precinct" where he cooperated with questioning. Defendants then transported Plaintiff to the Washington County Detention Center (hereinafter "WCDC") where he was booked on "state charges." *Id.* at 5. Plaintiff's final factual allegation is that an incomplete "incident/offense report" was filed against him. *Id.*

Plaintiff alleges these claims against all Defendants in their individual capacities only. *Id.* at 5. For relief, Plaintiff requests acquittal of his "case" or "absolute bar to prosecution." *Id.* at 9. Plaintiff also seeks compensatory and punitive damages. *Id.* Finally, Plaintiff remains incarcerated at the WCDC awaiting trial on the charges filed against him arising from his arrest on August 11, 2023.[1]

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff states in his Complaint that he is a pre-trial detainee, that he was arrested under the "guise of sex trafficking" on August 11, 2023, and he is incarcerated under "state charges." (ECF No. 1, pp. 2, 4, 5). According to AR Court Connect website, Plaintiff was charged with internet stalking and sexual indecency with a child on August 11, 2023—the date of his complained of arrest. Additionally, Plaintiff's trial on these charges is scheduled for July 23, 2024. *State v. Tate*, 72CR-23-1840, Washington County 4th Circuit Division 6, arcourts.gov (last visited May 13, 2024).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   DISCUSSION

Plaintiff's Fourth Amendment claims of improper search and seizure and "entrapment" against Defendants regarding his August 11, 2023, arrest are not yet ripe for consideration by this Court.   Plaintiff's state criminal charges—resulting from the August 2023 arrest—are still pending before the Washington County Circuit Court.   *State v. Tate*, 72CR-23-1840, Washington County 4th Circuit Division 6, arcourts.gov (last visited May 13, 2024).

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (internal citation omitted).   Ongoing state criminal proceedings implicate the important state interest of

3

enforcing state criminal law, and constitutional claims relating to that state proceeding should be raised there. *Meador v. Paulson*, 385 F. App'x 613, 2010 WL 2793555, at *1 (8th Cir. 2010); *see also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

When only equitable relief is sought, *Younger* "contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal to the state courts." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (a Section 1983 case involving only injunctive relief, and not damages). In cases where damages are sought, the Eighth Circuit has noted that the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention rather than a dismissal. *Night Clubs, Inc.*, 163 F. 3d at 481. In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996), the Court said:

> In those cases in which we have applied traditional abstention principles to damages actions, we have only permitted a federal court to withhold action until the state proceedings have concluded, that is, we have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.

Here, Plaintiff seeks compensatory and punitive damages for his improper search, seizure, and entrapment claims. Plaintiff has not alleged he is prevented from bringing his "entrapment," search and seizure claims in state court. Accordingly, it is appropriate, pursuant to the *Younger* doctrine, to stay Plaintiff's Fourth Amendment claims against Defendants until his state criminal case concludes.

4

## IV.    CONCLUSION

For these reasons, it is recommended Plaintiff's claims be administratively stayed until such time Plaintiff can show the Court his criminal case has been resolved in Washington County Circuit Court.   Further, it is recommended Plaintiff be provided thirty (30) days from the resolution of his criminal case in Washington County to notify this Court if he desires to reopen this matter.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of May 2024.

/s/   *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE