IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ZERAHZHE AUTHENTIC TATE                                                                                      PLAINTIFF

v.                                            Civil No. 5:24-cv-05093-TLB-MEF

JOSH JACKSON                                                                                                 DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Zerahzhe Authentic Tate, currently an inmate of the Arkansas Division of Corrections – Ouachita River Unit in Malvern, Arkansas, filed this action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred the instant motion to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

Plaintiff filed his original Complaint on April 18, 2024. (ECF No. 1). The Court provisionally filed Plaintiff's original Complaint until his *in forma pauperis* status could be determined. (ECF No. 2). Plaintiff filed an IFP Application on April 29, 2024 (ECF No. 4), and the Court granted Plaintiff IFP status on April 30, 2024.

On May 13, 2024, the undersigned issued a Report and Recommendation recommending

that Plaintiff's case be administratively terminated until his state criminal proceedings were completed. (ECF No. 7). Judge Brooks adopted that Report and Recommendation on June 3, 2024, closing this case. (ECF No. 8). On February 14, 2025, Plaintiff filed a Motion to Reopen this case based on the resolution of his criminal case. (ECF No. 9). The Court granted the Motion to Reopen, and Plaintiff was ordered to file an Amended Complaint. (ECF Nos. 11-12).

Plaintiff filed his First Amended Complaint on March 11, 2025. (ECF No. 13). After review of his First Amended Complaint, the Court found it deficient and ordered Plaintiff to file a Second Amended Complaint. (ECF No. 14). Plaintiff failed to file his Second Amended Complaint, and the Court entered an Order to Show Cause. (ECF No. 15). Plaintiff responded to the Order to Show Cause, but he failed to send in his Second Amended Complaint. (ECF No. 16). Accordingly, the Court gave Plaintiff an additional opportunity to file his Second Amended Complaint. (ECF No. 17). Plaintiff filed his Second Amended Complaint (ECF No. 19) on August 4, 2025, and this is the operative pleading for purposes of review and screening.

In his Second Amended Complaint, Plaintiff claims Homeland Security Investigator Josh Jackson violated his constitutional rights by conducting an illegal search and seizure of him on June 1, 2023, and August 11, 2023. (ECF No. 19, p. 3). Specifically, Plaintiff alleges:

> On or about Aug 11th 2023, I . . . was illegally searched by [Defendant] and property seized by [Defendant] under the false pretenses and guises of being suspected of sex trafficking an attempting rape with no hard evidence and or warrant for arrest. No cause for investigation. Upon interrogation said Defendant reveals that he violated the terms, conditions, policy, and agreement of P.O.F <u>Plenty of Fish</u> which he used to target said Plaintiff . . . said Plaintiff was never indicted on formal federal charges. Defendant . . . . was out of his element with an informal arrest with no warrant. And Not within his Federal Jurisdiction. As a result Plaintiff now resides incarcerated under a state sentence of 20/14 . . . also has to abide by sex registration and assessment governed by [Defendant].

*Id.* at 3-4.  Plaintiff sues Defendant in his individual capacity only.  *Id.*

For relief Plaintiff seeks: "Declaratory relief [sought].  Relief from Incarceration.  Pay & Wages Lost $1,000 a day since arrest to Aug 11th 2023 – to present or date of conviction (01-31-2025).  Absolved and or acquitted from current charges."  *Id.* at 8.

## II.   APPLICABLE STANDARD

Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the Defendants acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  Furthermore, the deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under Section 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).  Lastly, Defendants must have been personally involved and caused the violation alleged.  "Liability under section

1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (quoting *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)). Plaintiff's claims shall be dismissed for failure to state a claim if it appears beyond a doubt the Plaintiff's complaint can prove no set of facts to support the plaintiff's purported cause of action. *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

First, Plaintiff's attempts to gain relief from his conviction and incarceration (ECF No. 19, p. 8) do not state a proper claim under Section 1983. Plaintiff may not use Section 1983 as a substitute for *habeas* relief; instead, he must pursue any such claims through the proper avenue of 28 U.S.C. § 2254. *See e.g., Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003) ("Section 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence.") (quoting *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)). Plaintiff is plainly challenging his conviction and incarceration as he argues he should not be incarcerated since there

was no valid arrest and he requests acquittal of his charges. Such claims fail to state a cognizable Section 1983 claim.

Additionally, Plaintiff may not recover damages for an unconstitutional conviction or imprisonment, as such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). As evidenced by Plaintiff's Second Amended Complaint, he is still imprisoned on the sentence he complains of, and he has produced no evidence or allegations in his Complaint to meet the *Heck* requirements.[1]

*Heck* does, however, have exceptions for illegal search and seizure claims:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487, n. 7. The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See e.g. Moore v. Sims*,

---

[1] Arkansas state court records show that Plaintiff entered a negotiated plea of guilty to the charge of internet stalking of a child on January 31, 2025, in the Circuit Court of Washington County, Arkansas, and was sentenced to 72 months in the Arkansas Division of Correction, with an additional 168 months suspended imposition of sentence. Available at Arkansas Court Connect. (Last accessed September 5, 2025.)

200 F.3d 1170 (8th Cir. 2000) (when Plaintiff was convicted of drug possession, his § 1983 claim that the drugs were "planted" by officers was barred by *Heck*, but his claim that his initial stop and detention at a detoxification center were without probable cause could proceed); *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) ("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will not necessarily demonstrate the invalidity of his conviction.").

Plaintiff clearly challenges his search and seizure as illegal for lack of evidential support or an arrest warrant. (ECF No. 19, pp. 3-4). Therefore, at this early juncture, this claim falls into the general exception to *Heck* and should proceed for service.

### IV.   CONCLUSION

For these reasons, it is RECOMMENDED that all of Plaintiff's claims seeking relief from his incarceration be dismissed, but that Plaintiff's Fourth Amendment unreasonable search and seizure claim proceed for service. Service will be ordered by separate Order.

**Referral Status: This case shall remain referred.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of September 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE