IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ZERAHZHE AUTHENTIC TATE PLAINTIFF

v. Civil No. 5:24-cv-05093-TLB-MEF

JOSH JACKSON DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Zerahzhe Authentic Tate, currently an inmate of the Arkansas Division of Corrections – Ouachita River Unit in Malvern, Arkansas, filed this action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred the Defendant's Motion to Dismiss to the undersigned for the purpose of making a Report and Recommendation. It is **RECOMMENDED** the Defendant's Motion to Dismiss (ECF No. 36) be **GRANTED** and Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE** for the reasons explained below.

## I. BACKGROUND

Plaintiff filed his original Complaint on April 18, 2024. (ECF No. 1). The Court provisionally filed Plaintiff's original Complaint until his *in forma pauperis* status could be determined. (ECF No. 2). Plaintiff filed an IFP Application on April 29, 2024 (ECF No. 4), and the Court granted Plaintiff IFP status on April 30, 2024 (ECF No. 5).

On May 13, 2024, the undersigned issued a Report and Recommendation recommending that Plaintiff's case be administratively terminated until his state criminal proceedings were completed. (ECF No. 7). Judge Brooks adopted that Report and Recommendation on June 3,

2024, closing this case. (ECF No. 8). On February 14, 2025, Plaintiff filed a Motion to Reopen this case based on the resolution of his criminal case. (ECF No. 9). The Court granted the Motion to Reopen, and Plaintiff was ordered to file an Amended Complaint. (ECF Nos. 11-12).

Plaintiff filed his First Amended Complaint on March 11, 2025. (ECF No. 13). After reviewing his First Amended Complaint, the Court ordered Plaintiff to file a Second Amended Complaint to cure certain deficiencies. (ECF No. 14). Plaintiff failed to file his Second Amended Complaint, and the Court entered an Order to Show Cause. (ECF No. 15). Plaintiff responded to the Order to Show Cause, but he failed to send in his Second Amended Complaint. (ECF No. 16). Accordingly, the Court gave Plaintiff an additional opportunity to file his Second Amended Complaint. (ECF No. 17). Plaintiff filed his Second Amended Complaint (ECF No. 19) on August 4, 2025. (ECF No. 19).

The Court then issued a screening Report and Recommendation on Plaintiff's Second Amended Complaint on September 5, 2025. (ECF No. 20). In this Report and Recommendation, the Court recommended all of Plaintiff's claims seeking relief from his incarceration or challenging his conviction be dismissed, but that Plaintiff's Fourth Amendment unreasonable search and seizure claim proceed for service as it appeared at that early juncture such claims fit into the exception of *Heck v. Humphrey*. *Id.* Judge Brooks adopted the screening Report and Recommendation *in toto* on October 2, 2025. (ECF No. 24).

Defendant filed his Motion to Dismiss and Brief in support on April 22, 2026. (ECF Nos. 36-37). In this Motion and Brief, Defendant argues, in the following order: (1) Plaintiff's claims are barred by *Heck v. Humphrey*; (2) Plaintiff failed to state a claim for a Fourth Amendment violation upon which relief can be granted; (3) *Bivins* does not apply here; and (4) Defendant is entitled to qualified immunity. (ECF No. 37).

Plaintiff responded to Defendant's Motion to Dismiss on May 15, 2026. (ECF No. 39). In his Response, Plaintiff argues *Heck* should not bar his search and seizure claims. He further argues Defendant was acting outside his jurisdiction when he searched and arrested Plaintiff, thus invalidating both the arrest and the search. Additionally, Plaintiff argues Defendant committed fraud and deception by posing as a minor female on the dating application Plenty of Fish. Finally, Plaintiff raises procedural challenges to his criminal prosecution. (ECF No. 39).

## II. APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft*, 566 U.S. 678. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that

show more than the "mere possibility of misconduct." *Id.* The plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Id.* at 678.

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

First, the Court must clarify what claims are currently before it on Defendant's Motion to Dismiss. In his Second Amended Complaint, Plaintiff claims Homeland Security Investigator Josh Jackson violated his constitutional rights by conducting an illegal search and seizure of him from June 1, 2023, to August 11, 2023. (ECF No. 19, p. 3). Specifically, Plaintiff alleges:

> On or about Aug 11th 2023, I . . . was illegally searched by [Defendant] and property seized by [Defendant] under the false pretenses and guises of being suspected of sex trafficking an attempting rape with no hard evidence and or warrant for arrest. No cause for investigation. Upon interrogation said Defendant reveals that he violated the terms, conditions, policy, and agreement of P.O.F Plenty of Fish which he used to target said Plaintiff . . . said Plaintiff was never indicted on formal federal charges. Defendant . . . . was out of his element with an informal arrest with no warrant. And Not within his Federal Jurisdiction. As a result Plaintiff now resides incarcerated under a state sentence of 20/14 . . . also has to abide by sex registration and assessment governed by [Defendant].

*Id.* at 3-4 (errors in original). Plaintiff sues Defendant in his individual capacity only. *Id.* For relief in his Second Amended Complaint, Plaintiff seeks: "Declaratory relief [sought]. Relief from Incarceration. Pay & Wages Lost $1,000 a day since arrest to Aug 11th 2023 – to present or date of conviction (01-31-2025). Absolved and or acquitted from current charges." *Id.* at 8. As explained above, the Court's Order of October 2, 2025, dismissed all claims challenging Plaintiff's conviction and incarceration. The only remaining claims are those for an illegal search and seizure of property against Defendant. (ECF Nos. 19, 24).

Next, while Plaintiff argues in his Response that his arrest was illegal because Defendant was acting without jurisdiction and that Defendant entrapped him with fraudulent representations on the Plenty of Fish application, the Court again notes all challenges to his conviction, and subsequent incarceration were dismissed by the Court's Order of October 2, 2025. (ECF No. 24).

Likewise, the Court will not consider Plaintiff's arguments regarding procedural deficiencies in his criminal prosecution, as these were not alleged in his Second Amended Complaint and are not properly before the Court for consideration. *See e.g., Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (holding a complaint may not be amended by a response to a motion to dismiss).

Accordingly, the only claims currently before the Court, and at issue on Defendant's Motion to Dismiss, are Plaintiff's claim of an illegal search and seizure of property on August 11, 2023, during his arrest.[1]

---

[1] The Court notes that Plaintiff states the date range for the claimed violations was June 1, 2023, through August 11, 2023, in his Second Amended Complaint. (ECF No. 19, p. 3). The actions complained of, however, the allegedly illegal search and seizure, clearly occurred on August 11, 2023, pursuant to Plaintiff's factual allegations in his Second Amended Complaint. *Id.* The remaining time in the date range offered by Plaintiff presumably includes Plaintiff's previously dismissed claims.

As an additional initial matter, the Court notes Defendant submitted exhibits attached to his Motion to Dismiss: (1) Plaintiff's Criminal Information Sheet from the Circuit Court of Washington County, Arkansas (ECF No. 36-1); (2) an Affidavit & Application for Search Warrant from the Circuit Court of the Fourth Judicial Circuit, Washington County (ECF No. 36-2); and (3) Plaintiff's Sentencing Order from the Circuit Court of Washington County, Arkansas (ECF No. 36-3). The Criminal Information Sheet and Sentencing Order are both available on the public docket of Plaintiff's criminal case. *See State v. Zerahzhe Authentic Tate*, 72CR-23-1840, http://caseinfo.arcourts.gov/opad/case/72CR-23-1840 (last visited August 13, 2026). Accordingly, the Court may take judicial notice of two of these documents. *Stutzka v. McCarville,* 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). However, the Affidavit and Application for Search Warrant are not filed on the public docket in Plaintiff's criminal matter.

"When considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Ashford v. Douglas Cnty.*, 880 F.3d 990, 992 (8th Cir. 2018) (internal quotations and citations omitted). Therefore, the question becomes whether the Court may consider this Affidavit and Application without converting Defendant's Motion to Dismiss into a Motion for Summary Judgment. Fed. R. Civ. P. 12(d). "[A]ny written or oral evidence in support of or in opposition to the pleadings that provides some substantiation for and does not merely reiterate what is said in the pleadings" are considered "matters outside the pleadings." *Hamm v. Rhone-Pulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941, 948 (8th Cir. 1999).

Here, Plaintiff's Second Amended Complaint states no arrest or search warrant exists. Furthermore, he alleges there was no cause to investigate him or "hard evidence" to support his arrest. (ECF No. 19, pp. 3-4). The substance of the Affidavit and Application for Search Warrant offered by Defendants clearly contradicts Plaintiff's assertion in his Second Amended Complaint and is offered to prove that Defendant had probable cause to arrest and search Plaintiff on August 11, 2023, in direct contradiction to Plaintiff's claims in his Second Amended Complaint. (ECF No. 36-2). Accordingly, the Court will not consider the Affidavit and Application for Search Warrant on Defendant's Motion to Dismiss. Furthermore, the Court will not convert Defendant's Motion into a motion for summary judgment at this time, as Plaintiff has had no opportunity to conduct discovery and respond to a motion for summary judgment.

The Court now moves on to Defendant's arguments for dismissal.

### A. *Heck v. Humphrey* Exception

Defendant first argues Plaintiff's claims are barred by *Heck*. Defendant is correct that Plaintiff may not recover damages for an unconstitutional conviction or imprisonment, because such claims are barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court addressed this exact issue in its screening Report and Recommendation of September 5, 2025. (ECF No. 20). Since the Defendant has made the argument, however, the Court will reiterate its findings and recommendation on the issue.

The *Heck* Court noted an exception for illegal search and seizure claims in footnote seven of the opinion:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487, n. 7. The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See e.g. Cooney v. Arkansas*, No. 21-3824, 2022 WL 288143, at *1 (8th Cir. Feb. 1, 2022) (holding plaintiff's Section 1983 illegal search claim was not *Heck*-barred because his lack of probable cause argument did not necessarily call into question the validity of his state court conviction) (unpublished); *Moore v. Sims*, 200 F.3d 1170, 1171-72 (8th Cir. 2000) (when Plaintiff was convicted of drug possession, his § 1983 claim that the drugs were "planted" by officers was barred by *Heck*, but his claim that his initial stop and detention at a detoxification center were without probable cause could proceed); *Whitmore v. Harrington*, 204 F.3d 784, 785 (8th Cir. 2000) (holding the district court erred in dismissing the plaintiff's unlawful-investigative-stop claim as barred by *Heck* because "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the [Section] 1983 plaintiff's still-outstanding conviction.") (internal citations omitted). *See also Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) ("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action challenging his confession will not necessarily demonstrate the invalidity of his conviction.").

As the Court previously held, at screening, Plaintiff clearly challenges the search and the seizure of his property as illegal in his Second Amended Complaint. (ECF Nos. 19, pp. 3-4; 24). Thus, these two claims are excepted from the *Heck* bar pursuant to its footnote seven. *See Cooney*, 2022 WL 288143 at *1. There is nothing offered by Defendant in his Motion to Dismiss to alter the Court's initial assessment at screening on this issue.

**B. Failure to State a Claim for Fourth Amendment Violation**

Defendant next argues that Plaintiff has failed to state a Fourth Amendment claim upon which relief may be granted. (ECF No. 37). Plaintiff claims in his Second Amended Complaint that Defendant searched him and seized his property illegally on August 11, 2023. (ECF No. 19). Defendant specifically argues that Plaintiff's Second Amended Complaint fails to allege any facts indicating a lack of probable cause, fails to describe the search in any way much less that it was unreasonable, or provide any factual basis from which the Court could infer a plausible Fourth Amendment violation claim. (ECF No. 37, pp. 5-6). The undersigned agrees.

Plaintiff's Second Amended Complaint is devoid of specific factual allegations. The Court is unable to even discern whether Plaintiff complains of a search of his vehicle, his person, or both. There are no factual allegations regarding where or what was searched, the scope of the search, or what property was seized. (ECF No. 19). In his Response to Defendant's Motin to Dismiss, Plaintiff states he does not dispute that he arrived in the AMC Theater Square where Defendant arrested and searched him without a warrant. Plaintiff explains he was in his vehicle "under gun point" at the time. (ECF No. 39, p. 2). Plaintiff further elaborates that after his arrest he was taken to Washington County Jail where he was booked under a charge of "sex trafficking and attempted rape" and later "arraigned in on internet stalking of a child and sexual indecency which was later nolle prossed." *Id.* The Court takes judicial notice that in connection with the

incident complained of in his Second Amended Complaint, Plaintiff plead guilty to the charge of Internet Stalking of a Child, Ark. Code. Ann § 5-27-306(a)(2).[2] *See State v. Zerahzhe Authentic Tate*, 72CR-23-1840, http://caseinfo.arcourts.gov/opad/case/72CR-23-1840 (last visited August 13, 2026).

The Fourth Amendment provides for "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend IV. Warrantless searches and seizures of property are presumptively unreasonable unless the search falls within one of the recognized exceptions. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009). *See also Robbins v. City of Des Moines*, 984 F.3d 673, 680 (8th Cir. 2021). Specifically, the warrantless search of a vehicle is unconstitutional absent consent, probable cause to believe that the vehicle contained evidence of a crime, or reason to believe a search incident to arrest would yield evidence of the offense of the arrest. *See Arizona*, 556 U.S. at 335. Additionally, the warrantless search of an individual, including inside his pockets, is permissible if such a search is incident to a lawful arrest. *See United States v. Pratt*, 355 F.3d 1119, 1121 (8th Cir. 2004) (internal citations omitted). Furthermore, an officer may seize property without a warrant if they "have probable cause to believe [such] property holds contraband or evidence of a crime and the exigencies of the circumstances demand immediate seizure pending issuance of a warrant to examine its contents." *United States v. Mays*, 993 F.3d 607, 614 (8th Cir. 2021) (internal citations and quotations omitted).

Because Plaintiff admits he was inside his vehicle and arrested at the time of the challenged search (whether that be of his person or of his vehicle), his allegation of a warrantless search alone

2 *Stutzka*, 420 F.3d at 760 n. 2 (court may take judicial notice of judicial opinions and public records).

is insufficient to state a Fourth Amendment violation. As explained above, once an arrest is made, Defendant may perform a warrantless search incident to Plaintiff's arrest. *Arizona*, 556 U.S. at 335. This exception allows for the "search of the arrestee's person to remove weapons and seize evidence to prevent its concealment or destruction." *Missouri v. McNeely*, 569 U.S. 141, 148 (2013); *United States v. Chartier*, 772 F.3d 539, 545 (8th Cir. 2014). The search may also consist of the area within the arrestee's immediate control. *See e.g., Curd v. City of Judsonia, Arkansas*, 141 F.3d 839, 842 (8th Cir. 1998). As previously stated, Plaintiff does not make any allegations regarding the scope of the challenged search, and notably he does not claim that it went beyond the area under his control. Nor does he allege there were no circumstances indicating that any evidence could be concealed or destroyed. Accordingly, to the extent Plaintiff attempts to challenge the scope of the search and seizure incident to his arrest, he has failed to allege sufficient facts to support such a claim. Therefore, the undersigned recommends dismissal without prejudice pursuant to Rule 12(b)(6) of any claims related to the scope of the search and seizure. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).[3]

Defendant also argues Plaintiff has failed to allege a sufficient claim that Defendant lacked probable cause. The Court again agrees. In *Chartier*, 772 F.3d 539, 545 (8th Cir. 2014), the Eighth Circuit stated:

> Under the Fourth Amendment, a warrantless search of the person is reasonable only if it falls within a recognized exception to the warrant requirement. Among the exceptions to the warrant requirement is a search incident to a lawful arrest. Such a search may include a search of the arrestee's person to remove weapons and seize evidence to prevent its concealment or destruction. Whether the search of Chartier's person falls within the search-incident-to-

3 The Court further notes it provided Plaintiff with ample opportunities to amend his Complaint to provide the Court with sufficient facts to state a claim upon which relief may be granted. (ECF Nos. 12, 14).

> arrest exception thus turns on whether there was probable cause for Chartier's arrest. *Probable cause exists at the time of arrest if the totality of the circumstances known to the officers involved is sufficient to warrant a prudent person's belief that the suspect had committed or was committing an offense.*

*Id.* at 545 (internal citations and quotations omitted) (emphasis added). Whether an officer had probable cause at the time of an arrest is a question of law for the Court. *Peterson v. City of Plymouth*, 60 F.3d 469, 475 (8th Cir. 1995). The Court will consider whether the facts and circumstances are sufficient to lead a reasonable person to believe that the plaintiff had committed or is committing an offense. *United States v. Torres-lona*, 491 F.3d 750, 755 (8th Cir. 2007). "To determine the existence of probable cause, [the Court will] look at the totality of the circumstances as set forth in the information available to the officers at the time of arrest." *United States v. Kelly*, 329 F.3d 624, 628 (8th Cir. 2003).

Even upon a liberal construction of Plaintiff's Second Amended Complaint, he has failed to plead enough facts to state a claim to relief that is plausible on its face. *See generally Ashcroft*, 566 U.S. 678. The only statements made by Plaintiff in his Second Amended Complaint that could be inferred to reference a lack of probable cause are: "I . . . was illegally searched and property seized . . . under the false pre-tenses and guises of being suspected of sex trafficking and … attempting rape with no hard evidence . . . or warrant for arrest. No cause for investigation." (ECF No. 19, p. 4) (errors in original). Further, the Court has little facts regarding the circumstances surrounding Plaintiff's arrest other than Plaintiff's explanation in his Response that he was arrested in the AMC Theater parking lot for "sex trafficking and attempted rape" with no "hard evidence." (ECF No. 39, p. 2). Plaintiff failed to allege any facts to consider whether a reasonable person could believe he was committing or had committed a crime in the parking lot of the AMC Theater on August 11, 2023. The Court has no reference to what facts Defendant had

available to him at the time he arrested Plaintiff. Lastly, Plaintiff does not deny he committed a crime in the AMC Theater parking lot or claim he was in the AMC Theater parking lot for legitimate purposes when he was arrested by Defendant. Plaintiff only claims there was no "hard evidence" in his Second Amended Complaint, and that Defendant targeted him on "Plenty of Fish" without any further explanation.[4] This is insufficient to state a claim upon which relief may be

---

[4] While Plaintiff does not explain the reference to "Plenty of Fish" in his Second Amended Complaint, the Court notes in his First Amended Complaint, Plaintiff alleges that Defendant was acting undercover as an under-age female on Plenty of Fish, a social media dating website and mobile app on August 11, 2023. (ECF No. 13, pp. 4-5). Courts in this district have previously read multiple versions of a *pro se* plaintiff's complaint together in order to piecemeal claims to survive a Motion to Dismiss under the presumption that the plaintiff intended to supplement his complaint rather than supplant it. *See e.g., Dellinger v. Walraven*, Civil Case No. 4:22-cv-04115-SOH-BAB, 2023 WL 3333613, at *1 (W.D. Ark. Apr. 18, 2023), *report and recommendation adopted*, Civil Case No. 4:22-cv-04115-SOH, 2023 WL 3330248 (W.D. Ark. May 9, 2023). Here, however, there is no indication Plaintiff intended to supplement either of his previous complaint version, and Plaintiff was specifically advised in two separate Court Orders that his amended complaints would supersede his previous complaints. (ECF Nos. 12, 14). Furthermore, if the Court were to read all three of Plaintiff's complaint versions together as supplements, it likely would be to Plaintiff's detriment rather than the survival of the instant Motion to Dismiss. Plaintiff's Original Complaint (ECF No. 1), First Amended Complaint (ECF No. 13), and Second Amended Complaint (ECF No. 19), when read together, state the following alleged facts: Defendant was acting undercover as an under-age female on Plenty of Fish, a social media dating website and mobile app to entrap Plaintiff (ECF No. 13); Plaintiff's was arrested and searched in the AMC Theater Plaza and Defendant searched his vehicle and seized his mobile phone, firearm, tablet, and a condom (ECF No. 1); and Plaintiff was arrested for sex trafficking and attempted rape on August 11, 2023 (ECF No. 19). These facts, as alleged by Plaintiff across all three of his Complaint versions, along with the context provided in Plaintiff's Response, present a similar factual background to those in *United States v. Slim*, where the Eighth Circuit held the officer had probable cause to arrest and subsequently search the defendant. *Slim*, 34 F.4th 642, 646-47 (8th Cir. 2022) (holding an officer had probable cause to arrest the defendant and subsequently search, without a warrant, the car he drove to an organized meeting place the defendant agreed upon with an undercover officer posing as a minor who placed a sexually suggestive dating advertisement, communicated with the defendant via text messages still posing as the minor to organize the meeting place, and disclosed she was a minor in the messaging). The Court will not, however, reach the issue of qualified immunity and Defendant's arguable probable cause here. The Court cannot find any precedent allowing a compilation reading of complaint versions in order to dismiss a plaintiff's claim with prejudice as a matter of law at the motion to dismiss stage. Instead, the only instance where the Eighth Circuit has allowed such a compilation is when it is clear the plaintiff intended amended complaints to supplement rather than supplant

granted for lack of probable cause to arrest. Accordingly, the undersigned recommends dismissal without prejudice pursuant to Rule 12(b)(6) of any claims related to the lack of probable cause related to the challenged search and seizure. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

**C. Miscellaneous Arguments by Defendant**

Defendants also argue Plaintiff cannot successfully claim there was no probable cause to arrest him, as he has pleaded guilty to the charge for which he was arrested. The Court would agree if it was clear Plaintiff pleaded guilty to the charge for which he was arrested. *See Malady v. Crunk*, 902 F.2d 10, 11 (8th Cir. 1990) (a "conviction of the offense for which [the plaintiff] was arrested is a complete defense to a § 1983 action asserting that the arrest was made without probable cause"). Here, however, Plaintiff claims he was arrested for "sex trafficking and attempted rape" but plead guilty to "internet stalking of a child." (ECF No. 39). Plaintiff's state criminal record does not clarify this issue any more than Plaintiff's Second Amended Complaint and Response. As such, the Court cannot, on the pleadings before it, rely on *Malady* to foreclose Plaintiff's illegal search claim based on a lack of probable cause to arrest. *See Thurmond-Green v. Hodges*, 128 F. App'x 551, 2005 WL 775387, at *1 (8th Cir. April 7, 2005) (recognizing *Malady*, but holding a conviction is not a complete defense to a Section 1983 claim when the offense for which the plaintiff was arrested was not the same offense he later pleaded guilty to).

---

previous complaints and read together the complaint and "supplements" provide sufficient facts allegations to state a claim to survive a Motion to Dismiss. *See Kirr v. North Dakota Public Health*, 651 F.App'x 567, 568 (8th Cir. 2016) (concluding that pro se plaintiff's original complaint and two amendments "should have been read together" as constituting his complaint); *Cooper v, Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed and plaintiff clearly intended for amended complaint to be read together with original complaint). As explained, that is not the case here.

Plaintiff also claims the search was not incident to a lawful arrest because Defendant acted without jurisdiction, but such a claim fails as a matter of law. *See Marksmeier v. Davie*, 622 F.3d 896, 901 (8th Cir. 2010) (holding a warrantless arrest by an officer acting outside his jurisdiction but otherwise supported by probable cause did not violate the Fourth Amendment).

Thus, all of Plaintiff's remaining claims fail as a matter of law for failure to state a claim upon which relief can be granted, and Plaintiff's Second Amended Complaint should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the Court finds that Plaintiff has failed to state a claim for a constitutional violation upon which relief can be granted, it need not proceed to Defendant's final two arguments – that no *Bivens* claim was stated, and alternatively, that Defendant is entitled to qualified immunity.

## IV. CONCLUSION

For these reasons, it is **RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 36) be **GRANTED** and Plaintiff's Second Amended Complaint (ECF No. 19) be **DISMISSED WITHOUT PREJUDICE**.

**Referral Status: This case shall not remain referred.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of August 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE